**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joel Braver,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>United Collection Bureau, Inc.<br><br>Defendants. | Case No.: 7:26-cv-80-PMH<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joel Braver ("Plaintiff") brings this Class Action Complaint by and through his attorneys, against United Collection Bureau, Inc. ("UCB"), individually pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York in the County of Monroe.

8. Defendant UCB is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. UCB can be served with process at their registered agent Corporation Service Company located at 80 State Street, Albany, NY 12207.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

a. all individuals with addresses in New York;

b. with whom Defendant communicated in an attempt to collect a consumer debt;

c. failed to inform Plaintiff of his right to dispute all or part of the debt within the 30-day period;

d. which communications were made on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal

issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent

members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to November 29, 2024, an obligation was allegedly initially incurred by Plaintiff to JP Morgan Chase Bank, N.A. ("Chase Bank").

22. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

23.The alleged Chase obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Chase is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Chase contracted with UCB to collect the alleged debt.

26. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

28. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

*Violation – January 12, 2025 Collection Letter*

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 28 above herein with the same force and effect as if the same were set forth at length herein.

30. On or about December 4, 2024, Defendant sent Plaintiff sent an initial collection letter ("Initial Letter") regarding the alleged debt originally owed to Chase Bank.

31. The Initial Letter states, in relevant part:

> **Our information shows:**
> You had a credit card from JPMorgan Chase Bank, N.A. with account number ending in 1348.
>
> As of 11-29-24, you owed: $2398.58
> Between 11-29-24 and today:

| | |
|---|---|
| You were charged this amount in interest: | + 0.00 |
| You were charged this amount in fees: | + 0.00 |
| You paid or were credited this amount toward the debt: | - 0.00 |
| **Total amount of the debt now:** | **$2398.58** |

*See* Exhibit A.

32. Plaintiff disputes that all or part of this debt is a valid debt.

33. The initial letter stated that the Plaintiff had until January 12, 2025 to dispute the debt.

34. The Initial Letter contained a settlement offer but failed to explicitly state that this offer would remain available after the expiration of the 30-day dispute period.

35. Within that dispute period, Defendant mailed Plaintiff a second collection letter ("Second Letter"), dated January 6, 2025. *See* Exhibit A.

36. The Second Letter states, in relevant part:

> United Collection Bureau, Inc. is pleased to provide you with the following offers to settle your account for a reduced amount. All offers are contingent upon clearance of funds.
>
> **Total Settlement Amount: $599.85**
> Pay $599.65 by February 26, 2025.
>
> **Total Settlement Amount: $719.57**
> **3 – Payment Settlement Offer**
> Your first payment of $239.85 is due by February 26, 2025. Your next 2 payments, each in the amount of $239.86, are due by the 26th of each of the next 2 months that follow the month of your first payment.
>
> **Total Settlement Amount: $839.50**
> **18 – Payment Settlement Offer**
> Your first payment of $46.62 is due on February 26, 2025. Your next 17 payments, each in the amount of $46.64, are due by the 26th of each of the next 17 months that follow the month of your first payment.

37. The Second Letter failed to provide an explicit reminder that the Plaintiff's dispute period – originally detailed in the Initial Letter - was still open for another 6 days.

38. Instead, the Second Letter again urged Plaintiff to make payment and highlighted the availability of the settlement options.

39. Although the Second Letter contained text stating that settlement offers do not affect dispute rights, this was placed at the bottom of the page in smaller, non-bolded font, effectively overshadowed by the prominent "SAVE MONEY" slogans and urgent payment deadlines.

40. The Second Letter gave the impression that the time to act was limited and that Plaintiff must make payment quickly to avoid losing the offer.

41. The Second Letter's tone and content overshadowed and contradicted Plaintiff's continuing dispute rights under 15 U.S.C. § 1692g(b).

42. Defendant sent subsequent letters on February 6, 2025 and March 4, 2025, offering Plaintiff the same discounted settlement options to resolve the alleged balance for less than the amount claimed due.

43. The settlement language of these letters emphasized that payment should be made promptly in order to accept the offer, yet in reality these offers continued to be open with each letter sent.

44. Defendant's inclusion of the statement "We are not obligated to renew these offers" in the Second Letter during the active dispute period created a false sense of urgency.

45. This language would lead the least sophisticated consumer to believe that acting on his dispute rights could forfeit the settlement opportunity.

46. The Initial Letter also failed to clearly state that Plaintiff's right to dispute or request validation of the debt was unaffected by the presence of any settlement offer.

47. Defendant's decision to send a follow-up "offer" letter during the active dispute period—without clear mention of the ongoing right to dispute—misled Plaintiff into believing that the dispute window had closed.

48. Defendant's repeated collection communications thus deceptively overshadowed the consumer's statutory right to dispute or request validation of the debt.

49. These communications were materially misleading because they affected Plaintiff's ability to make an informed decision about whether to pay, settle, or dispute the alleged obligation.

50. Plaintiff was confused, frustrated, and anxious as to whether he could still dispute the debt or whether doing so would jeopardize the offer presented.

51. Plaintiff reasonably believed that disputing the debt might result in losing the settlement discount or otherwise delay resolution.

52. Defendant's conduct therefore created a false sense of urgency and deprived Plaintiff of a fair opportunity to exercise his validation rights.

53. The letters were designed to induce immediate payment by creating the misleading impression that Plaintiff had no remaining time to question or verify the debt.

54. Defendant's letters lacked clarity, were deceptive in nature, and failed to comply with the transparency requirements set forth by Congress in the FDCPA.

55. Defendant's actions were part of its regular pattern and practice of sending form settlement letters that omit or obscure consumers' dispute rights.

56. These omissions were not the result of mere clerical error but of policies or procedures designed to pressure consumers into quick settlements.

57. Plaintiff expended time and effort reviewing the letters, researching his rights, and determining whether payment would waive any defenses or rights to dispute.

58. Defendant's conduct also violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

59. Further, Defendant's letters violated 15 U.S.C. § 1692g(a) and (b) by failing to effectively convey Plaintiff's dispute rights and by overshadowing or contradicting the required validation notice.

60. Defendant's violations were willful, knowing, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

61. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

62. Plaintiff suffered a concrete injury because the Second Letter's lack of an explicit reminder caused him to deviate from his intended course of action.

63. Specifically, Plaintiff intended to exercise his validation rights but, in reliance on the limited nature of the settlement offers and the risk of the offer not being renewed, he forwent the dispute process to avoid losing the 75% discount.

64. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 64 above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Defendant violated §1692e by:

a. Offering Plaintiff a reduced settlement to resolve the debt while failing to inform him of his right to dispute the debt within 30 days of receiving the letter, which misled Plaintiff into believing that he had no recourse to challenge the debt;

b. Failing to inform Plaintiff of his right to dispute all or part of the debt within the 30-day period, leaving Plaintiff unaware of his legal rights;

c. By failing to clarify that exercising dispute rights would not jeopardize the settlement opportunity;

d. Using the statement "not obligated to renew" in the Second Letter while a dispute window was active to create a deceptive sense of urgency;

e. and by making a false and misleading representation/omissions in violation of §1692e(10).

69. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

**<u>COUNT II</u>**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692f *et seq.***

70. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 64 as if set forth herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

72. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

73. Defendant violated §1692f by:

a. Offering Plaintiff a reduced settlement to resolve the debt while failing to inform him of his right to dispute the debt within 30 days of receiving the letter, which misled Plaintiff into believing that he had no recourse to challenge the debt;

b. Failing to inform Plaintiff of his right to dispute all or part of the debt within the 30-day period, leaving Plaintiff unaware of his legal rights;

74. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

75. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 64 as if set forth herein.

76. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

77. Pursuant to 15 USC §1692g(a):

> a. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> b. The amount of the debt;
>
> c. The name of the creditor to whom the debt is owed;
>
> d. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> e. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> f. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

78. Defendant violated Section 1692g(a) by:

a. Offering Plaintiff a reduced settlement to resolve the debt while failing to inform him of his right to dispute the debt within 30 days of receiving the letter, which misled Plaintiff into believing that he had no recourse to challenge the debt;

b. Failing to inform Plaintiff of his right to dispute all or part of the debt within the 30-day period, leaving Plaintiff unaware of his legal rights;

79. Defendant violated Section 1692g(b) because the tone, graphics, and settlement deadlines in the Second Letter overshadowed the validation notice. By urging payment "promptly" without an explicit reminder of the active dispute window, Defendant effectively nullified the Plaintiff's statutory rights.

80. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joel Braver demands judgment from Defendant United Collection Bureau, Inc.as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 1, 2026

Respectfully submitted,

/s/ *Rami Salim*
**Stein Saks, PLLC**
By: Rami Salim, Esq.

One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
rsalim@steinsakslegal.com